Concurring Opinion by
LEONARD, J.
Dr. Robert V. Justice’s (Dr. Justice’s) sole argument on appeal is that his complaint states a claim for relief under HRS § 92F-12(b)(3) (1993), which requires each Hawaii agency to disclose “[government records pursuant to a showing of compelling circumstances affecting the health or safety of any individual^]” In his brief, Dr. Justice alleges that such compelling circumstances exist and that they warrant an order that Dr. Justice be allowed to physically inspect the original birth certificate for Barack Hussein Obama II (President Obama) because:
[T]he President of the United States is the Commander-in-Chief of our military and entrusted with our nuclear and chemical arsenals to ensure the health and safety of all of us. The inspection of the purported birth certificate for [President Obama] will ensure the health and safety of all 300 million of us by making sure that our military and our nuclear and chemical arsenals are still under our control and not in the control of any one of our enemies.
(Citation omitted.)
As stated in the majority opinion, while Dr. Justice may have a strong desire to personally verify President Obama’s eligibility, pursuant to article II, section 1 of the United States Constitution, to serve as President of the United States, such desire does not constitute compelling circumstances within the meaning of HRS § 92F-12(b)(3). Dr. Justice does not have the power or authority to determine President Obama’s eligibility. Only the Congress of the United States has the power to remove a sitting president. Indeed, Dr. Justice has not alleged any factual basis for his implicit contention that President Obama may not be a natural-born citizen of the United States. Dr. Justice has not stated an overpowering or urgent need for the records to protect the life or safety of an individual in a medical or other emergency. Accordingly, I concur.